IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK G. GREEN,<br><br>    Petitioner,<br><br>  v.<br><br>G. SWARTHOUT, Warden,<br><br>    Respondent.<br>_____/ | No. C 12-1872 CW (PR)<br><br>ORDER TO SHOW CAUSE, GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(Docket nos. 2, 3, 4) |

Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal conviction. He also moves for the appointment of counsel and seeks leave to proceed in forma pauperis. It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

    1.    Leave to proceed in forma pauperis is GRANTED.

    2.    Petitioner's motions for the appointment of counsel are DENIED without prejudice. At this early stage of the proceedings, the Court is not in a position to determine whether the interests of justice require the appointment of counsel, see 18 U.S.C. § 3006A(a)(2)(B), or if counsel will be required for an evidentiary hearing, see Rule 8 of the Rules Governing Section 2254 Cases. Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision on its own initiative.

    3.    The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of

California.  The Clerk also shall serve a copy of this Order on Petitioner at his current address.

    4.   No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.

    If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer.  If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

    5.   No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Petitioner a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.

    If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within fourteen days of receipt of an opposition.

    6.   It is Petitioner's responsibility to prosecute this case.  He must keep the Court and Respondent informed of any

change of address and comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

This Order terminates Dockets nos. 2, 3 and 4.

IT IS SO ORDERED.

Dated: 10/4/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE