IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANK G. GREEN,                          No. C 12-1872 CW (PR)

     Petitioner,                       ORDER DENYING
                                         PETITIONER'S MOTION TO
  v.                                     EXPAND THE RECORD

G. SWARTHOUT, Warden,                    (Docket no. 11)

     Respondent.
_____/

    Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal conviction. On October 4, 2012, the Court issued an Order for Respondent to show cause why the petition should not be granted based upon the four cognizable claims in the petition. Doc. no. 6. On November 28, 2012, Respondent filed his response to the Order to Show Cause and, on December 5, 2012, Petitioner filed his traverse. Doc. nos. 9, 10. On July 16, 2013, Petitioner filed the instant motion to expand the record under Rule 7 of the Rules Governing Habeas Cases.[1]

_____

    [1] Rule 7 authorizes the judge to allow the parties to expand the record by submitting additional materials relating to the petition.

Doc. no. 11.  Respondent has filed an opposition.  Doc. no. 12.
Petitioner has not filed a reply.  For the reasons set forth
below, the Court DENIES Petitioner's motion.

DISCUSSION

In his motion, Petitioner indicates that he wishes to add to
his petition "newly presented exculpatory evidence" directly
relating to claims two through four.  The newly presented evidence
is a July 19, 2010 letter, addressed to Petitioner's trial
counsel, from Jerry Coleman of the Trial Integrity Unit of the San
Francisco District Attorney's Office.  In the letter, Mr. Coleman
indicates that, in Petitioner's case, a DNA analyst's DNA was
found in the "control sample."  Mr. Coleman explains that the
control sample is designed to detect extraneous DNA, but that "the
booked evidence and swabs of suspect/victim were <u>not</u> affected."
Exh. 1 (emphasis in original).  Mr. Coleman also states:

> As part of our materiality review pursuant to <u>Brady v.
> Maryland</u>, (1963) 373 U.S. 83, 87, the San Francisco District
> Attorney's Office has concluded that this information is not
> likely material to the outcome of the trial. . . . In
> providing this information, we are not conceding that
> discovery would have been mandated at trial, or that the
> information would have been admissible.  Nor do we concede
> that the information is exculpatory, that it is suggestive of
> innocence or mitigation, that it casts doubt upon the
> correctness of the conviction, or that it entitles any
> defendant to any remedy.

Exh. 1.

Respondent opposes Petitioner's motion on the grounds that
any claim based on the DNA contamination evidence is not exhausted

and that Petitioner has not shown diligence in developing a DNA contamination claim.[2]

I. Exhaustion Legal Standard

A federal court may not grant habeas relief until the petitioner has exhausted available state remedies with respect to each claim. 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971). A federal constitutional claim is exhausted when it has been "fairly presented" to the highest state court and that court has had a meaningful opportunity to apply controlling legal principles to the facts underlying the claim. Id. at 276-77; Anderson v. Harless, 459 U.S. 4, 7 (1982); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). A claim has been "fairly presented" if the petitioner described in state court both the legal theories and the operative facts on which he bases the claim. Picard, 404 U.S. at 277-78; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1995). Habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Claims containing factual allegations not presented in state court are not exhausted. Vang v. Nevada, 329 F.3d 1069, 1075-76 (9th Cir. 2003).

To fairly present the legal theory of a claim, a petitioner must alert the state court that he is asserting a federal constitutional claim, either by citing the constitutional provision on which he relies or otherwise advising the court of

---

[2] Because the Court denies the motion based on lack of exhaustion, it does not address Respondent's argument based on lack of diligence.

the claim's federal basis.  <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996).

The factual basis of a claim has been fairly presented when the facts alleged in federal court do not fundamentally alter the nature of the claim, <u>Vasquez v. Hillery</u>, 474 U.S. 254, 260 (1986); <u>Chacon v. Wood</u>, 36 F.3d 1459, 1468 (9th Cir. 1994)), place the claim in a "significantly different and stronger evidentiary posture" than it was when the state courts considered it, or "substantially improve[] the evidentiary basis" of the claim. <u>Aiken v. Spalding</u>, 841 F.2d 881, 883 (9th Cir. 1988).  Generally, a petitioner may add factual materials supportive of those already in the record without fundamentally altering his claim and rendering it unexhausted.  <u>See</u> <u>Hillery</u>, 474 U.S. at 260 (statistical analyses of facts already in record did not render claim unexhausted).

II. Exhaustion Analysis

Respondent argues that Petitioner's new evidence regarding possible DNA contamination is not relevant to any of the four exhausted federal claims in the petition and, thus, the evidence and any claim upon which it is based, are unexhausted.

The petition now contains the following four claims: (1) a Confrontation Clause violation; (2) a <u>Brady</u> violation based on the prosecution's failure to disclose evidence of unknown latent fingerprints lifted from the victim's apartment and failure to disclose that a witness was diagnosed with bipolar disorder; (3) ineffective assistance of counsel based on counsel's failure to test blood and fingerprint evidence; and (4) ineffective assistance of appellate counsel for failing to raise the <u>Brady</u> and

**United States District Court**
For the Northern District of California

1   ineffective assistance of trial counsel claims on direct appeal.

2   It is not clear how the "newly presented" DNA contamination

3   evidence pertains to claims two through four and Petitioner fails

4   to provide an explanation.  Thus, not only has Petitioner failed

5   to present this new evidence to the state courts, he has failed to

6   present any constitutional claim arising from it.  Pursuant to the

7   above-cited federal authority, the new evidence and any claim

8   arising from it are unexhausted.

9        Citing <u>Aiken</u>, 841 F.2d at 883, Petitioner argues that the

10  letter represents "bits of evidence" that does not place his

11  claims in a significantly stronger legal or evidentiary posture.

12  However, <u>Aiken</u> supports the contrary view.  In <u>Aiken</u>, the court

13  held that a witness's affidavit "substantially improves the

14  evidentiary basis for Aiken's right-to-counsel and voluntariness

15  arguments, thereby presenting the very type of evidence which the

16  state should consider in the first instance."  <u>Id.</u>

17       The letter indicating that the DNA evidence in Petitioner's

18  case may have been contaminated is not a "bit of evidence" that

19  would not fundamentally alter a claim already presented to the

20  state court, but represents new evidence and any new claim based

21  on it may significantly affect Petitioner's case.  The state court

22  did not have an opportunity to consider this evidence or to rule

23  on any claim arising from it.  Therefore, the DNA contamination

24  evidence and any claim based on it are legally and factually

25  unexhausted.

26       Petitioner's motion to expand the record is DENIED.  The

27  petition may go forward with the four exhausted claims.

28

**United States District Court**
For the Northern District of California

However, if Petitioner wishes to exhaust in the state courts any claim based upon his newly presented evidence, he is granted leave to do so.  He may choose from two possible courses of action:  (1) he may dismiss this petition, exhaust his claims in state court and then file another federal petition; or (2) he may ask for a stay of this case while he returns to state court to attempt to exhaust the unexhausted issues, then, if unsuccessful in state court, return here and ask that the stay be lifted and that his petition be amended to add the newly exhausted issues. If he chooses to ask for a stay, he must show "good cause" for his failure to exhaust sooner, that the issues are "potentially meritorious," and that he has not engaged in "dilatory litigation tactics."  See Rhines v. Weber, 544 U.S. 269, 277 (2005).

Petitioner is cautioned that each option has risks which he should take into account in deciding which to choose.  If he chooses to go forward with only his exhausted claims, he may face dismissal of any later-filed petition.  See 28 U.S.C. § 2244(b). If he chooses to dismiss this action and return to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred.  See 28 U.S.C. § 2244(d).  If he chooses to stay his petition while he exhausts in state court, he must file a motion in this Court to obtain a stay and, if the motion is granted, must act diligently to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this Court.  If Petitioner requests a stay and it is granted, this Court will administratively close this case while Petitioner pursues state court exhaustion.

United States District Court
For the Northern District of California

In <u>Rhines</u>, the United States Supreme Court discussed the stay-and-abeyance procedure.[3]  The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA) in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." <u>Rhines</u>, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation

---

[3] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) <u>overruled on other grounds by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing <u>Kelly</u>, 315 F.3d at 1070-71).  A petitioner seeking to avail himself of the <u>Kelly</u> three-step procedure is not required to show good cause as under <u>Rhines</u>, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and <u>Duncan v. Walker</u>, 533 U.S. 167 (2001), by complying with the statute of limitations. <u>King</u>, 564 F.3d at 1141-43.

United States District Court
For the Northern District of California

1  tactics by the petitioner.  Id. at 277-78.  Any stay must be

2  limited in time to avoid indefinite delay.  Id.  Reasonable time

3  limits would be thirty days to file a petition in state court, as

4  long as necessary in state court, and thirty days to return to

5  federal court after the final rejection of the claims by the state

6  court.  Id. at 278.  If Petitioner moves for a stay, he must show

7  that he satisfies the Rhines criteria.

8                              CONCLUSION

9       Based on the foregoing, the Court orders as follows:

10      1. Petitioner's motion to expand the record is denied.

11      2. No later than twenty-one days from the date of this Order,

12  Petitioner must file and serve a notice in which he states whether

13  he elects to (1) go forward in this action with his exhausted

14  claims, or (2) dismiss this action and exhaust state court

15  remedies before returning to federal court to present all of his

16  claims in a new petition, or (3) move for a stay of these

17  proceedings while he exhausts his state court remedies for the

18  unexhausted evidence and any claims arising from it.

19      If Petitioner chooses option (3), no later than twenty-one

20  days from the date of this Order, Petitioner must file and serve a

21  motion for a stay in which he explains why he failed to exhaust

22  his unexhausted claim in state court before presenting it to this

23  Court, that his claim is not meritless, and that he is not

24  intentionally delaying resolution of his constitutional claims.

25      If Petitioner fails to file a notice of election within the

26  required time period, his petition will proceed with the four

27

28

exhausted claims.

3. This Order terminates Docket no. 11.

IT IS SO ORDERED.


Dated: 10/28/2013

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE